UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAH LOPEZ, ON BEHALF OF
STRATEGIC TRANSGENDER ALLIANCE
FOR RADICAL REFORM,

                    Plaintiff,                                    21-CV-5721 (LTS)

        -against-                                              ORDER OF DISMISSAL

HUDSON RIVER PARK TRUST, et al.,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Mariah Lopez, who is appearing *pro se*, brings this action on behalf of her

nonprofit organization, Strategic Transgender Alliance For Radical Reform (STARR).[1] Plaintiff

Lopez also filed on behalf of STARR an application to proceed *in forma pauperis* (IFP) and an

unsigned "order to show cause for preliminary injunctive relief." (ECF 1, 4.)

        For the reasons set forth below, the Court dismisses the action without prejudice.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.*

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

---

[1] Plaintiff Lopez did not sign the complaint.

the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

As a nonlawyer, Lopez can only represent her own interests *pro se*. *See* 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Moreover, a nonprofit organization cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se").

As a *pro se* litigant, Lopez cannot act on behalf of STARR. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). Rather, STARR must be represented by its own counsel. The Court therefore dismisses the complaint without prejudice. The Court also denies the request for preliminary relief, filed on behalf of STARR, without prejudice.

## CONCLUSION

The Court dismisses the action and denies the request for injunctive relief, both without prejudice. *See* 28 U.S.C. § 1654.

2

The Court directs the Clerk of Court to terminate any motions in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 12, 2021
         New York, New York

                          /s/ Laura Taylor Swain
                           LAURA TAYLOR SWAIN
                  Chief United States District Judge